735 So.2d 856 (1999)
Dominique JOHNSON
v.
Gregory ANTOINE.
No. 98-CA-1285.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
*857 Martin L. Broussard, Jr., Kevin K. Gipson, Broussard & Associates, New Orleans, Louisiana, for Plaintiff-Appellant.
Ryan N. Cox, Capella Law Firm, Metairie, Louisiana, for Defendant-Appellee.
Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr., and SOL GOTHARD.
GRISBAUM, Judge.
The plaintiff-appellant, Dominique Johnson, appeals the trial court's judgment dismissing her claim for damages against the defendant-appellee, Gregory Antoine, after finding that a partnership does not exist between the two parties. We affirm.

ISSUES
The issues presented for our review are:
(1) Whether the trial court erred in finding a partnership does not exist between the plaintiff-appellant and defendant-appellee, and
(2) Whether the trial court erred in not awarding the plaintiff-appellant wages and reimbursement for her time, effort, and financial investment in Antoine's Famous Cakes and Pastries.

FACTS AND PROCEDURAL HISTORY
The plaintiff and the defendant became romantically involved at some time in the early 1990s. The defendant, Gregory Antoine, was a baker and had worked at various bakeries for nearly 20 years. On December 6, 1994, Antoine's Famous Cakes and Pastries (hereinafter "Antoine's") opened at 1300 Stumpf Boulevard, Gretna, Louisiana. At issue is whether the plaintiff and defendant opened Antoine's pursuant to a verbal partnership agreement or if it was intended that defendant be the sole proprietor. A written partnership agreement does not exist.
When the bakery opened, Mr. Antoine did all the baking, while Ms. Johnson handled the front counter and most of the business transactions of the store. Ms. Johnson worked 12-hour days during the week, nine-hour days on Saturday, and seven-hour days on Sunday for approximately a year. Neither Mr. Antoine nor Ms. Johnson drew a salary nor received an hourly wage. Mr. Antoine testified that he gave Ms. Johnson money on various occasions for personal bills and to help start a business, Balloon Share, she was pursuing, which never opened. There are canceled checks which reflect defendant gave Ms. Johnson some money. Plaintiff contributed the sign for the building and a freezer to the business. She also contends that she paid the rent the first month; however, defendant disputes this.
The trial court concluded that a partnership did not exist, relying primarily on the fact that Ms. Johnson's name is not on the partnership license nor on the bank account for the store. Thus, the plaintiff's claims for damages were dismissed. It is this judgment from which the plaintiff appeals.

*858 ISSUE ONELAW AND ANALYSIS

To establish the existence of a partnership without a written agreement, the plaintiff has the burden of proving: (1) she and defendant mutually agreed to form a partnership and to participate in the profits which would accrue from the business in determined portions; (2) that they agreed to share in the losses as well as the profits of the partnership; and (3) that the property or stock of the enterprise formed a community of goods in which each party has a proprietary interest. Glover v. Sowada, 457 So.2d 101 (La.App. 5th Cir.1984), writ denied, 461 So.2d 316 (La.1984).
The testimony shows that Mr. Antoine did not intend for Antoine's to be a partnership between the appellant and him. He testified that they never talked about her being a 50 percent partner. He thought that she was opening her own business, Balloon Share, which would be her business, and that the bakery would be his business. He also testified that he did not give her authority to sign his name on the business account, while she testified that he did. It was also established that the appellant filed out the application for the bakery to obtain the trademark for the "queen cake." On the application, in answer to, "Name of person(s), corporation(s), or Partnership applying for registration[,]" she filled in "Gregory Antoine, D.B.A. as Antoine's Famous Cakes & Pastries."
The appellant testified that she believed she was a partner and that she would not have spent as many hours working at the bakery as she did if she was not a partner. She also testified that the reason she believed her name was not on the license nor on the bank account was that Mr. Antoine's father did not like her and that Mr. Antoine had to appease his father because his father was helping him out so much. She further stated that she found the location for the bakery, while appellee stated that he and his father initially found the location.
Considering all the facts, we find the parties had a business relationship; however, the relationship did not have all the major characteristics of a partnership. The parties did not mutually consent to form a partnership to participate in the profits in a predetermined proportion. Appellee never intended the appellant to be his partner in the bakery. Her name is not on the license, nor on the bank account, all of which she was aware. Speculation that the appellee deceived the appellant into believing she was a partner, however, set it up where legally she was not and is not enough on which to find the existence of a partnership. In addition, there is no evidence to show that the parties shared in the losses and profits of the business. The record shows that the appellee gave the appellant money when she needed it but the money was not, in any way, related to the business profits of the business. Accordingly, we conclude the trial judge did not err in finding that a partnership did not exist.

ISSUE TWOLAW AND ANALYSIS
The appellant, in the alternative, requests reimbursement for her time, efforts, and financial investment in Antoine's. In the appellant's petition, she sought the following damages for violation of the partnership agreement:
(1) Past salary;
(2) One-half (½) value of equipment or retrieval and sale of equipment or possession of one-half (½) of the equipment;
(3) Access to premises;
(4) Interest in the incoming profits of the partnership;
(5) Any other relief that the court may deem appropriate at the time of trial of this matter.
Alternatively, [she] demands dissolution and liquidation of the partnership and an accounting for its assets and its profits and losses.
All these claims for damages were dismissed. On appeal, the appellant alternatively *859 seeks wages and reimbursement for the equipment and supplies she purchased for the bakery.
The appellee contends that the appellant is not entitled to these damages because, in her petition, she sought either enforcement of a partnership agreement or dissolution and liquidation of the partnership. We agree. Because appellant only sought damages under the partnership theory, and we find that no partnership exists, we cannot award damages. However, likewise, we conclude this does not preclude appellant from seeking damages under another theory of recovery, such as quantum meruit.
For the reasons assigned, we affirm the trial court's judgment. Each party to this appeal is to bear its respective costs.
AFFIRMED.